UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ESTHER BIRDINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:06-CV-201-C |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Esther Birdine seeks judicial review of a decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The United States District Judge reassigned this case to the United States Magistrate Judge for further proceedings. Because Birdine did not consent to the jurisdiction of the United States Magistrate Judge, pursuant to the order reassigning this case, the undersigned now files this report and recommendation, proposed findings of fact and conclusions of law, and proposed judgment.

This court has reviewed the administrative record and the arguments of the parties under the standard set forth under 42 U.S.C. § 405(g) and recommends that the District Court reverse and remand the Commissioner's decision for further administrative proceedings.

**I.    Standard of Review**

The reviewing court must determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were used to evaluate

the evidence. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). This standard requires more than a "simple search of the record for isolated bits of evidence" that would support the Commissioner's decision; the record must be considered as a whole. *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986) (citation omitted). Accordingly, a court must "take into account whatever in the record fairly detracts" from the supporting evidence. *Id*. (quotation omitted).

## II.     Birdine's Arguments

Birdine brings two issues for the court's review. She first argues the Administrative Law Judge (ALJ) summarily rejected opinions offered by her treating physician, Hemmo A. Bosscher, M.D., failed to accord considerable weight to the physician's opinions, and did not apply the analysis required under *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). She also argues the ALJ failed to assess the credibility of her testimony and the extent to which her chronic pain affects her ability to sustain work.

## III.    Discussion

Birdine's first argument requires remand. Dr. Bosscher completed a "Lumbar Spine Residual Functional Capacity Questionnaire" on June 22, 2004. (Tr. 346-52.) Dr. Bosscher indicated on the form that he first assessed Birdine's condition on December 4, 2003, and that he had treated her on a monthly basis beginning in February 2004. He noted that she had been diagnosed with failed back surgery syndrome and lumbosacral radiculitis; that she suffered from chronic low back pain with bilateral radicular symptoms; and that her impairments were established through MRI findings, an antalgic gait, strength of 3/5 in her

right leg, and a positive straight leg raise test. (Tr. 346.) Dr. Bosscher indicated that Birdine's impairments caused pain, abnormal gait, sensory loss, tenderness, muscle spasm, muscle weakness, and impaired sleep and that she exhibited a limited range of motion and a decrease in muscular strength. (Tr. 347.) He further indicated that she experienced side effects from her medication, that her prognosis was poor, and that she was not expected to return to gainful employment in the future. (Tr. 348.) Because of Birdine's impairments, he believed she could sit and stand and walk less than two hours in an eight-hour work day; that she was capable of sitting continuously for forty-five minutes at one time and standing continuously for thirty minutes at a time; that she would need to walk for fifteen minutes every fifteen minutes; that she would need a job that allowed her to shift positions at will; that she would need to elevate her legs during fifty percent of the work day; and that she could carry items weighing less than ten pounds occasionally and could never carry items weighing ten pounds. (Tr. 349-50.) Finally, he indicated that Birdine would be expected to miss more than three days of work per month. (Tr. 351.) If adopted, Dr. Bosscher's assessment would preclude Birdine from performing even sedentary work and therefore all work. *See* 20 C.F.R. §§ 404.1567, 416.967 (2006). The ALJ found that Birdine could sit no more than six hours and stand/walk no more than two hours. The ALJ did not, therefore, accord controlling weight to Dr. Bosscher's opinions.[1] (Tr. 430; compare Tr. 349-50.)

---

[1] It should be noted that the ALJ who conducted the hearing did not write the decision. (Tr. 25, 413.) The ALJ who conducted the hearing found that Birdine could perform sedentary work with limitations and elicited testimony from a vocational expert based on his finding. (Tr. 413.) The ALJ who wrote the decision apparently erred in drafting the decision because he indicated that Birdine was capable of standing/walking no more than two hours in a workday and sitting no more than two hours in a workday. (Tr. 22.) He also indicated that these limitations were included in the hypothetical question posed to the vocational expert. (Tr. 23.) Such limitations were not included in the hypothetical

Because a treating physician is familiar with a claimant's impairments, treatments, and responses, his opinion regarding the nature and severity of a claimant's impairments must be given controlling weight if it is "well supported by diagnostic techniques and is not inconsistent with other evidence." *Newton*, 209 F.3d at 455 (citations omitted); *see also* S.S.R. 96-2p ("If a treating source's opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted.").

Notwithstanding the importance of treating source opinion and the deference accorded it, treating source opinion is not conclusive; responsibility for determining a claimant's disability status lies with the Commissioner. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). Therefore, when good cause is shown, an ALJ may assign little or no weight to a treating source opinion. *Id*. (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (1994)). However, when the ALJ determines that a treating source opinion is not entitled to controlling weight, he must evaluate the opinion under the factors set forth under 20 C.F.R. §§ 404.1527(d), 416.927(d). *Myers*, 238 F.3d at 621; *Newton*, 209 F.3d at 456. These factors include: (1) the length of the treating relationship; (2) the frequency of examination; (3) the nature and extent of the treatment relationship; (4) whether the physician provides medical evidence to support his opinion; (5) whether the opinion is consistent with the record as a whole; and (6) the specialization of the treating physician. *Id.* (citing

---

questioning. (Tr. 413.) Further, such limitations would preclude Birdine from all work and require a finding that Birdine was disabled. *See* 20 C.F.R. §§ 404.1567, 416.967. Because remand must issue on other grounds, this error is not addressed.

20 C.F.R. § 404.1527(d)).

The ALJ in this case was not required to give controlling weight to Dr. Bosscher's opinion that Birdine's ability to engage in gainful employment would be significantly impaired, and he was not required to apply the factors in *Newton* to the opinion. Such an opinion is characterized as a legal conclusion rather than a medical opinion and as such is not subject to analysis under the regulatory factors. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) ("Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.'")

On the other hand, Dr. Bosscher's opinions regarding Birdine's functional abilities are "medical opinions" as that term is defined in the regulations, 20 C.F.R. § 404.1527(a)(2), and are the types of opinion subject to the analysis required in *Newton*. *See Myers*, 238 F.3d at 618; *Newton*, 209 F.3d at 453. In fact, the opinions Dr. Bosscher offered are similar to those rejected by the ALJ in *Newton* and in *Myers*.[2] Like the ALJs in *Newton* and *Myers*, the ALJ erred; he did not either explicitly or implicitly apply the factors before declining to accord controlling weight to Dr. Bosscher's opinions. In addition, the ALJ did not provide good cause for rejecting the opinions. The Fifth Circuit Court of Appeals has acknowledged that the good cause exceptions "may permit an ALJ to discount the weight of a treating

---

[2] In *Newton*, the claimant's treating physician stated in part that the claimant could occasionally lift up to ten pounds, could stand or walk less than two hours per regular work day, could sit continuously for thirty minutes at a time, was able to stoop, kneel, crouch, crawl, reach and drive, but that she could not climb or perform repetitive operations of foot controls. *Newton*, 209 F.3d at 453. In *Myers,* the claimant's treating physician, indicated that the claimant could stand only two hours out of an eight-hour workday for ten minutes at a time and sit for only four hours out of an eight-hour workday for ten minutes at a time. *Myers*, 238 F.3d at 618.

physician opinion relative to that of other experts where the treating physician's opinion is conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456; *Greenspan*, 38 F.3d at 237.

In this case, although the ALJ cited *Greenspan* and the good cause exceptions, he did not provide good cause for rejecting Dr. Bosscher's opinions. Directly after citing the good cause factors, the ALJ stated that "Dr. Bosscher also does not show that he has considered the requirements of actual jobs available." (Tr. 21.) The ALJ also stated that he had not given Bosscher's assessment great weight because "even with restrictions, the claimant would not be precluded from all work." (Tr. 20-21.) Neither reason offered by the ALJ provides "good cause," as that term is defined in Fifth Circuit precedent, for rejecting a physician's opinion. *See Greenspan*, 38 F.3d at 237. The reasons offered by the ALJ for declining to accord controlling weight to Dr. Bosscher's opinions speak to the physician's opinion that Birdine was unable to work. The ALJ's stated reasons do not provide good cause for declining to accord weight to the opinions regarding Birdine's functional abilities.

This is not a case in which there is first-hand competing evidence that would contradict Dr. Bosscher's opinions. The ALJ was therefore required to consider Dr. Bosscher's opinions under the analysis required by *Newton* and to provide good cause for rejecting the opinions. *Myers*, 238 F.3d at 621; *Newto n*, 209 F.3d at 458. His failure to do so is reversible error. *See id.*

6

**IV.** **Recommendation**

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse and remand the Commissioner's decision for further administrative proceedings.

**V.** **Right to Object**

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: May 21, 2007.

NANCY M. KOENIG
United States Magistrate Judge